## 1

J. W. HENDERSON, Appellant, v. Edwin A. ROGERS, Trustee of A. H. Henderson, Bankrupt, Appellee. (Circuit Court of Appeals, Fifth Circuit. October 11, 1924.) No. 4334. Appeal from the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge. E. K. Wilcox, of Valdosta, Ga. (R. D. Smith, of Tifton, Ga., and E. K. Wilcox, of Valdosta, Ga., on the brief), for appellant. Orville A. Park, of Macon, Ga. (Jones, Park & Johnston, of Macon, Ga., on the brief), for appellee. Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree sustaining an attack by a trustee in bankruptcy on transfers of property made by the bankrupt, when he was insolvent, to his father, the appellant, a little more than four months prior to the filing of the bankruptcy petition, on the ground that such transfers were made and accepted with intention to delay or defraud the bankrupt's creditors. The court's finding and decree were in accordance with a master's report, exceptions to which were overruled. The decree is complained of on the ground that the transfers were not shown by evidence adduced to be fraudulent and void as against creditors. We are not of opinion that the evidence was such as to require the conclusion that the transfers in question were valid as against the bankrupt's creditors. We do not think that the record would justify us in setting aside the conclusions successively reached by the master and the court. The decree is affirmed.

## 2

David J. LAMB, Plaintiff in Error, v. UNITED STATES of America, Defendant in Error. (Circuit Court of Appeals, Fifth Circuit. October 23, 1924.) No. 4238. In Error to the District Court of the United States for the Southern District of Georgia; William I. Grubb, Judge. Chas. D. Russell, of Savannah, Ga., for plaintiff in error. Chas. E. Donnelly, Asst. U. S. Atty., of Savannah, Ga. (F. G. Boatright, U. S. Atty., of Cordele, Ga., and Chas. L. Redding and Chas. E. Donnelly, Asst. U. S. Attys., both of Savannah, Ga., on the brief), for the United States. Before WALKER, BRYAN, and KING, Circuit Judges.

PER CURIAM. There was evidence tending to prove the plaintiff in error's guilt of the offenses of which he was convicted. It follows that the court did not err in overruling his motion that a verdict of not guilty be directed. The sufficiency of the evidence to support a conviction was not affected by the failure of the government to take any action based on the circumstance that about a week prior to the trial the plaintiff in error informed the district attorney of the name and place of residence of a person who was charged by the plaintiff in error with having done the incriminating acts which circumstantial evidence adduced tended to prove were done by the plaintiff in error. Affirmed.

## 3

Emma R. LINDSAY, Appellant, v. NANSEMOND BRICK CORPORATION, a Corporation, Appellee. (Circuit Court of Appeals, Fourth Circuit. September 29, 1924.) No. 2252. Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk; D. Lawrence Groner, Judge. S. M. Brandt, of Norfolk, Va., for appellant. Henry H. Little and Hughes, Little & Seawell, all of Norfolk, Va., for appellee. Before

WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge. The appellant is the owner of a barge or lighter. She hired it to the appellee. It sank some time after appellee's goods had been put aboard, with damage as well to its cargo as to itself. There was the usual controversy as to whether the accident was the result of its unseaworthiness, or of its improper loading by the appellee and subsequent lack of care on the part of the latter. In accordance with the great weight of evidence, the learned court below decided the dispute in favor of the appellee. Affirmed.

## 4

The Steamer Thos. MAYTHEM, Claimant and Appellant, v. Olaf HANSEN, Libelant and Appellee. (Circuit Court of Appeals, Sixth Circuit. October 17, 1924.) No. 4222. Appeal from District Court of the United States for the Western Division of the Northern District of Ohio; John M. Killits, Judge. On motion to dismiss or affirm. W. S. Thurstin, Jr., of Toledo, Ohio, for appellant. Frederick W. Gaines, of Toledo, Ohio, for appellee. Before DENISON, MACK, and DONAHUE, Circuit Judges.

PER CURIAM. Hansen, as libelant, and after his case had been pending 2½ years, recovered $52 and interest as seaman's wages. The only question is whether he deserted the ship at Duluth, or left because of sickness. He testifies that he was sick, that he left for that reason, and that he had the master's consent, and he produces the master's "certificate for sick or disabled seamen," given to him. To the contrary, it is urged that he did not go to the hospital, that the mate testifies Hansen "showed no signs of sickness," and that at the foot of the ship's articles is the entry "deserted," made at an unknown time by an unknown person. The commissioner, to whom reference was made, found for Hansen, and said "there was no evidence that he did not leave the boat with the permission of the captain, after receipt of the hospital ticket, just as he claims." There was no exception to this report, and, for this stated reason, there was a decree accordingly, seemingly as by default. There was no application to the District Court to have the case reopened or otherwise to be heard, but after three months this appeal was taken. There was ample evidence to support the finding, there was no effort to present to the court below any question of fact or law, the record does not permit us to consider the legal effect of desertion, and, if in any case further proofs in this court should be permitted, they should not be in this one. The appeal is dismissed as frivolous.